1    John T. Masterson, Bar #007447
Michele Molinario, Bar #020594
2    Ashley E. Caballero-Daltrey, Bar #036449
JONES, SKELTON & HOCHULI P.L.C.
3    40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
4    Telephone: (602) 263-7331
Fax: (602) 200-7846
5    jmasterson@jshfirm.com
mmolinario@jshfirm.com
6    adaltrey@jshfirm.com

7    Attorneys for Defendant Lt. Benjamin Moore

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Phil Martinez and Jorge Soria, | No. 2:21-cv-01212-DGC-MTM |
|                  Plaintiffs, | **DEFENDANT LT. BENJAMIN MOORE'S BENCH MEMO RE: RULE 50 STANDARDS AND APPLICABLE CASE LAW** |
|    v. | |
| City of Phoenix, a municipal corporation; | |
| Benjamin Moore, a City of Phoenix Police Officer, in his individual capacity; | |
| Douglas McBride, a City of Phoenix Police Officer, in his individual capacity; | |
| Joseph Gage, a City of Phoenix Police Officer, in his individual capacity; | |
| Darrell Magee, a City of Phoenix Police Officer, in his individual capacity; | |
| Jeffrey Miel, a City of Phoenix Police Officer, in his individual capacity; | |
| Erick Selvius, a City of Phoenix Police officer, in his individual capacity; | |
| Clifford C. Lewis, a City of Phoenix Police Officer, in his individual capacity; | |
| Bobbi Jo Cozad, a City of Phoenix Police Officer, in his individual capacity; | |
| Diana Pineda, a City of Phoenix Police Officer, in her individual capacity, | |
|                  Defendants. | |

Defendant Lt. Benjamin Moore submits this bench memorandum in advance of his anticipated motion for judgment as a matter of law under Fed. R. Civ. P. 50(a). The anticipated goal of this memorandum is to provide the Court with the salient points of law so that when Lt. Moore files his Rule 50 motion, the Court will have had an opportunity to refamiliarize itself with these authorities in order to apply the applicable standards to the facts developed at trial or that have already been deemed undisputed in the Parties' Joint Pretrial Order.

## I.     GENERAL STANDARDS FOR A MOTION UNDER FED. R. CIV. P. 50.

To be entitled to relief under Fed. R. Civ. P. 50, the movant must show that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on" a particular "issue." Fed. R. Civ P. 50(a)–(b); *Gonzalez v. US Human Rights Network*, CV-20-00757-PHX-DWL, 2024 WL 149979, at \*9 (D. Ariz. Jan. 12, 2024). For the purposes of the motion, courts "view all evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Shafer v. Santa Barbara County*, 868 F.3d 1110, 1115 (9th Cir. 2017). This standard is essentially the same as the summary judgment standard under Rule 56; the difference is that courts rule on Rule 50 motions based on the evidence presented at trial rather than the summary judgment record. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *see also Williams v. Gaye*, 895 F.3d 1106, 1135 (9th Cir. 2018).

## II.     RELEVANT LEGAL STANDARDS ON PLAINTIFFS' § 1983 RETALIATORY ARREST CLAIM.

To state a First Amendment retaliation claim against a government official, "a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). If officers arrest a plaintiff with probable cause, a retaliatory arrest claim fails. *See Nieves v. Bartlett*, 587 U.S. 391,

117866855.1

404 (2019). Probable cause speaks to the "objective reasonableness" of an arrest. *Id.* at 402. But even where a plaintiff establishes an absence of probable cause, the plaintiff still must show that the retaliation was a "substantial or motivating factor" behind the arrest. *Id.* at 404. A defendant can still prevail by demonstrating that the arrest would have been initiated without respect to retaliation. *Id.*

## A. The *Nieves* Exception.

In *Nieves*, the Supreme Court recognized a "narrow qualification" in circumstances where officers have probable cause to make arrests "but typically exercise their discretion not to do so." *Id.* at 406. *Nieves* used the example of jaywalking, which happens often, but rarely results in arrest. *Id.* at 407. Drawing on that example, the Ninth Circuit has also found that the narrow exception applied in a case involving chalking a sidewalk, which was a violation of Nevada law. *See Ballentine v. Tucker*, 28 F.4th 54, 62 (9th Cir. 2022). If this narrow exception applies, a plaintiff's case can proceed in spite of probable cause, but the plaintiff must still go on to show that the retaliation was a substantial or motivating factor of the arrest (and a defendant may demonstrate that the arrest would have been initiated without respect to retaliation). *Nieves*, 587 U.S. at 407–08.

District courts have determined that arrests pursuant to a dispersal order do not fall under the *Nieves* exception. *Echevarria v. City of Santa Monica*, No. 221CV05603SVWAGR, 2022 WL 2903123, at *11 (C.D. Cal. May 26, 2022) (determining that arrest for unlawful assembly is not part of the narrow exception in *Nieves*). Moreover, Arizona law affirmatively *requires* officers to arrest unlawfully assembled individuals who do not immediately disperse (rather than giving them discretion not to do so). Ariz. Rev. Stat. § 13-3804(B) ("If the people assembled do not immediately disperse, the magistrate and officers shall arrest them, and for that purpose may command the aid of all persons present or within the county."). Lt. Moore is not aware of any case where a court has found that arrests pursuant to a violation of an unlawful assembly order

117866855.1

are the kind of arrests where officers "typically exercise their discretion" not to make an arrest.

Although *Nieves* states that the "no-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been," *Nieves*, 587 U.S. at 407, that statement must be read in context. The Court made that statement after its language explaining that the qualification is "narrow," and after the Court used an illustrative example regarding jaywalking at intersections. *Id.* at 406–07. Tellingly, in *Nieves*, the Court did not even apply the exception at all; instead, it held that plaintiff's his retaliatory arrest claim failed as a matter of law simply because the officers had probable cause to arrest him for disorderly conduct and resisting arrest. *Id.* at 408 ("Bartlett's claim against both officers cannot succeed because they had probable cause to arrest him.").

Ninth Circuit cases have repeatedly confirmed that the exception is narrow. *See Baker v. Clearwater County*, No. 22-35011, 2023 WL 3862511, at *1 (9th Cir. June 7, 2023) (discussing *Nieves* as a "narrow" exception involving arrests where an officer typically exercises their discretion not to do so and finding no evidence that it applied); *Thomas v. Cassia County*, No. 20-35862, 2022 WL 1223705, at *2 (9th Cir. Apr. 26, 2022) ("Therefore, the district court did not commit any error of law or fact in concluding that Thomas failed to demonstrate that similar criminal conduct 'is endemic but rarely results in arrest' in Cassia County." (citing *Nieves*, 587 U.S. at 407)).

Courts, however, have not clearly articulated the kind of evidence that is required to demonstrate that the *Nieves* exception applies. The only time the United States Supreme Court has applied the exception is in *Gonzalez v. Trevino*, 602 U.S. 653, 654 (2024). The Court rejected an argument that a plaintiff must produce specific comparator evidence and stated:

> We recognized the *Nieves* exception to account for "circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so." 587 U.S. at 406, 139 S.Ct. 1715. To fall within the exception, a

> plaintiff must produce evidence to prove that his arrest occurred in such circumstances. The only express limit we placed on the sort of evidence a plaintiff may present for that purpose is that it must be objective in order to avoid "the significant problems that would arise from reviewing police conduct under a purely subjective standard." *Id.*, at 407, 139 S.Ct. 1715.

*Id.*[1] In *Gonzalez*, the plaintiff produced a survey that demonstrated that no one had ever been arrested for the offense she was arrested for and that was permissible because the fact no one had been arrested for the same kind of conduct "—especially when the criminal prohibition is longstanding and the conduct at issue is not novel—makes it more likely that an officer *has* declined to arrest someone for engaging in such conduct in the past." *Gonzalez*, 602 U.S. at 654.

After *Gonzalez*, at a minimum, it is clear that a survey that shows that no arrests are ever made for the offense is a sufficient showing. Ninth Circuit opinions (even those before *Gonzalez*) are consistent with that approach. In *Miller v. City of Scottsdale*, the Ninth Circuit explained that *Ballentine* states "that, at minimum, the 'objective evidence' must consist of local records comparing the number of arrests to non-arrests for similar conduct or citations made under a given statute." 88 F.4th 800, 804 n.1 (9th Cir. 2023). One district court summarized and compared the evidentiary showings in published Ninth Circuit cases as follows:

> In *Ballentine*, the Ninth Circuit ruled that the plaintiffs presented sufficient "objective evidence" that they were arrested for their speech while others who similarly spoke out were not. *Ballentine*, 28 F.4th at 62. The evidence consisted of (1) evidence that other individuals speaking out at the same time and place as plaintiffs were not arrested, (2) records showing that engaging in the type of speech that plaintiffs engaged in "rarely result[ed] in arrest," (3) records of only two

---

[1] Although the Court referenced the "similarly situated individuals" language in the opinion, *id.* at 655, that language is missing from this description of the *Nieves* exception, which puts the emphasis on the type of arrest rather than suggesting that the exception applies in any instance involving specific comparators. Cases pre-dating *Gonzalez* noted the tension and debates involving the type and sufficiency of evidence required. *See, e.g.*, *Hollamon v. City of Los Angeles*, 709 F. Supp. 3d 992, 1002 (C.D. Cal. 2023) ("In the four years since *Nieves*, the Supreme Court has not clarified how much evidence satisfies this burden or what kind of evidence is required to meet it. These questions were debated at the time of the decision."). Regardless, the cases have made it clear that the evidence must be objective and not subjective.

5

instances in which such persons were suspected of or charged with a crime, and (4) evidence that the plaintiffs had engaged in such speech on at least nine prior occasions without getting arrested, cited, or told that their conduct was illegal. *Id.* By contrast, in *Thomas v. Cassia Cty.*, the Ninth Circuit ruled that the following evidence was not sufficient for the Nieves exception to apply: (1) records showing that 35% of all suspects were arrested for the crime plaintiff allegedly committed, and (2) records showing that the police arrested every individual (two total) who was similarly situated to plaintiff. *Thomas v. Cassia Cty.*, 2022 WL 1223705, at *——, 2022 U.S. App. LEXIS 11267, *5 (9th Cir. Apr. 26, 2022).

*Borden v. Bare*, No. 120CV01103AWIEPG, 2022 WL 4586231, at *8 (E.D. Cal. Sept. 29, 2022), aff'd, No. 22-16569, 2023 WL 6937410 (9th Cir. Oct. 20, 2023).

**B.** **Probable Cause For Arrests Under Arizona Law.**

Probable cause exists where there is "a fair probability or substantial chance of criminal activity" and it "is not a high bar." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1164 (9th Cir. 2022). An arrest is lawful if officers had probable cause to arrest for any offense, not just the stated reason for arrest. *D.C. v. Wesby*, 583 U.S. 48, 54 n.2 (2018). And under the collective knowledge doctrine, if one officer has probable cause to arrest a suspect, all officers have probable cause. *See United States v. Ramirez*, 473 F.3d 1026, 1032–33 (9th Cir. 2007).

Under Arizona law, it is a crime for a person to remain after an order declaring an assembly unlawful. *See* Ariz. Rev. Stat. § 13-2902(A)(2) ("A person commits unlawful assembly by . . . [b]eing present at an assembly of two or more other persons who are engaged in or who have the readily apparent intent to engage in conduct constituting a riot as defined in § 13-2903 and knowingly remaining there and refusing to obey an official order to disperse."). Under that statute, a dispersal order is valid if the crowd's conduct constituted "the readily apparent intent to engage in conduct constituting a riot." *Id.; see also* Ariz. Rev. Stat. § 13-2903 ("A person commits riot if, with two or more other persons acting together, such person recklessly uses force or violence or threatens to use force or violence, if such threat is accompanied by immediate power of execution, which disturbs the public peace."). Courts have noted the potential for violence from crowds even in seemingly peaceful protests: "Though the evidence does not suggest that any protesters

were violent with officers, the potential for violence is apparent from the behavior of the inflamed crowd. A reasonable officer would have been acutely conscious of the racially charged, tense nature of this protest . . ." *Echevarria*, 2022 WL 2903123, at *6 (internal citation omitted).

It is also a crime to obstruct a highway or throughfare. Ariz. Rev. Stat. § 13-2902(A)(1) (a person commits obstruction a highway or thoroughfare if the person "having no legal privilege to do so, recklessly interferes with the passage of any highway or public thoroughfare by creating an unreasonable inconvenience or hazard"). Finally, the crime of assault includes "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury." *Id.* § 13-1203(A)(2).

## C. Causation And Burden-Shifting.

"In addition to showing the absence of probable cause or the applicability of the exception, the plaintiff must show that the retaliation was a substantial or motivating factor behind the arrest, and, if that showing is made, the defendant can prevail only by showing that the arrest would have been initiated without respect to retaliation." *Ballentine*, 28 F.4th at 63 (cleaned up). These are two elements which must be analyzed separately. *Id.* In *Ballentine*, for example, the officer had previously engaged with the plaintiffs and challenged their messages. *Id.* The officer also included in his report that the plaintiffs were associated with anti-police groups and chalked critical messages. *Id.* Finally, the detective sought arrest warrants rather than citations from the chalking offenses—and the citations were already "an extremely rare occurrence" on their own. *Id.* The court found that when coupled with the evidence of actual differential treatment, a reasonable jury could find that the anti-police content of the chalking was a substantial or motivating factor. *Id.*

In order to show retaliation, Plaintiffs must show that their arrests "were anything other than the unintended consequence of an otherwise constitutional police action that was already in progress." *Cervantes v. San Diego Police Chief Shelley Zimmerman,* No. 17-CV-01230-BAS-AHG, 2020 WL 5759752, at *8 (S.D. Cal. Sept. 28,

2020), *aff'd sub nom. Ramirez v. Zimmerman*, No. 20-56117, 2021 WL 5104371 (9th Cir. Nov. 3, 2021). The First Amendment does not confer the right to remain in an area in spite of an order to disperse, nor does it prohibit law enforcement from enforcing a dispersal order. *Id.*

## III. RELEVANT QUALIFIED IMMUNITY STANDARDS FOR § 1983 CLAIM.

The defense of qualified immunity requires judgment in favor of a government employee unless the employee's conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The defense is designed to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Clearly established law "must be particularized to the facts of the case," and "should not be defined at a high level of generality." *White v. Pauly*, 580 U.S. 73, 78–79 (2017) (cleaned up); *see also City of Tahlequah v. Bond*, 595 U.S. 9, 12–13 (2021) ("We have repeatedly told courts not to define clearly established law at too high a level of generality."). "The right allegedly violated must be established, not as a broad general proposition, but in a particularized sense so that the contours of the right are clear to a reasonable official." *Reichle v. Howards*, 566 U.S. 658, 665 (2012) (cleaned up); *Thompson v. Cent. Valley Sch. Dist. No. 365*, No. 2:21-CV-00252-SAB, 2024 WL 3836716, at *8 (E.D. Wash. Aug. 15, 2024) (citing *Reichle* in First Amendment case). Plaintiffs have the burden to identify a case that puts officers on notice that their specific conduct was unlawful. *Rivas-Villegas v. Cortesluna,* 595 U.S. 1, 6 (2021).

The Ninth Circuit in included language in *Ballentine*, 28 F.4th at 64–65 and *Sanderlin v. Dwyer*, 116 F.4th 905, 911 (9th Cir. 2024) that states the case law has clearly established the right to be free from retaliatory arrest even when probable cause existed for the arrest. However, neither of those cases involved someone who ordered an arrest (as opposed to the arresting officer). Furthermore, although those cases acknowledge that the right cannot be defined at too high of a level of generality, both appear to conflate the

117866855.1

clearly established prong of qualified immunity with the constitutional violation prong, removing the clearly established analysis entirely. *Cf. Brosseau v. Haugen*, 543 U.S. 194, 198–99 (2004) (in Fourth Amendment excessive force context, general tests regarding excessive force do not clearly establish a constitutional violation).

As discussed above, courts have recognized that the First Amendment does not prohibit an officer from enforcing a valid dispersal order. *See Cervantes*, 2020 WL 5759752, at *8. Indeed, the Ninth Circuit has held that officers were entitled to qualified immunity in a case involving an unlawful assembly declaration. *See Bidwell v. County of San Diego*, No. 22-55680, 2023 WL 7381462, at *1 (9th Cir. Nov. 8, 2023). There, the plaintiffs did not identify any cases "that would place any reasonable officer on notice of what constitutes a sufficiently clear and present danger of imminent violence to justify dispersal." *Id.* In *Bidwell*, the Ninth Circuit also held that the officers were entitled to qualified immunity even if they lacked probable cause as to a Fourth Amendment Claim, explaining that "[b]ecause reasonable officers could disagree as to the legality of these arrests, the district court properly granted the arresting officers qualified immunity." *Id.* at *2. *Bidwell* thus acknowledges that even in the Fourth Amendment false arrest context, the two prongs of qualified immunity cannot be conflated, and an officer may be entitled to qualified immunity because the right is not clearly established.

Similarly, the Ninth Circuit has granted qualified immunity to an officer who orders other officers to take actions in order to enforce a dispersal order. In *Sanderlin v. Dwyer* (*"Sanderlin II"*), the Ninth Circuit held that an officer who authorized the use of crowd control devices was entitled to qualified immunity by focusing on his actions rather than the actions of the arresting officers:

> to determine whether Dwyer is entitled to qualified immunity, we ask not whether the officers who fired projectiles at Group Plaintiffs knew that their actions were unconstitutional, but instead whether clearly established law prohibited Dwyer from authorizing the use of crowd control devices consistent with policy when confronted with a crowd that was not abiding by dispersal orders. Group Plaintiffs have failed to identify any authority that would have put a reasonable officer in Dwyer's position on notice that such authorization would violate clearly established law. The district court therefore erred in denying qualified immunity to Dwyer.

No. 23-15487, 2024 WL 4039752, at *2 (9th Cir. Sept. 4, 2024).  Plaintiffs must therefore identify authority that would have put a reasonable officer in Lt. Moore's position on notice that his authorization of Plaintiffs' arrests after they refused to leave an area covered by a dispersal order would violate clearly established law.

DATED this 7th day of January, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By  /s/ Michele Molinario
    John T. Masterson
    Michele Molinario
    Ashley E. Caballero-Daltrey
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendant Lt. Benjamin
    Moore

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Stephen D. Benedetto, Esq.
Jesse Santana Wulsin, Esq.
THE PEOPLE'S LAW FIRM, PLC
645 North 4th Avenue, Suite A
Phoenix, AZ 85003
benedetto@the-plf.com
jesse@the-plf.com
admin@the-plf.com
*Attorneys for Plaintiffs*


/s/ Cindy Castro

117866855.1